UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                          Case No.: 2:17-cv-712-FtM-38MRM

LODGE CONSTRUCTION, INC. and
THE HANOVER INSURANCE
COMPANY,

    Defendants.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Defendant Hanover Insurance Company's Motion to Stay (Doc. 64), the United States' Opposition (Doc. 65), Hanover's Reply (Doc. 68), and the United States' Sur-reply (Doc. 71). For the reasons set forth below, the Motion is granted.

## **BACKGROUND**

This case arises from a government contract between the Army Corps of Engineers and Lodge Construction, Inc. to rehabilitate a levee bordering the Hillsboro Canal in South Florida (the "Contract"). Defendant Hanover Insurance Company acted as a surety for the Contract. On or about August 24, 2010, Hanover, as surety, and Lodge, as principal, issued a Miller Act performance bond (the "Performance Bond") and a Miller Act payment bond (the "Payment Bond"), each bearing Bond No. 1921209, and

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

each in the penal sum of $44,125,000 in favor of the Government in connection with the Contract. (Doc. 51-2).

Following disputes about construction delays, on July 23, 2012, the Government terminated the contract for default before completion. After Lodge was terminated, Hanover and the Corps entered into a Tender and Release Agreement ("Tender Agreement") on December 31, 2012, which, among other things, provided a contractor to replace Lodge and complete the Project. (Doc. 51-3). Under the Tender Agreement, Hanover paid the Government $23,995,183.86, which represented the Tender Contractor's completion price less the remaining unpaid balance of the original Contract. The Government's excess re-procurement costs and liquidated damages were specifically carved out of the Tender Agreement because the parties could not reach an agreement.

On July 22, 2013, Lodge sued the Government in the Court of Federal Claims, seeking relief from the decision to terminate Lodge for default and to recoup any money it must pay Hanover because of the Government's termination. Hanover sued in the Court of Federal Claims the same day, seeking to recover in its own right the amount it paid the Government under the Tender Agreement. This action was later amended. Lodge initiated a second action in the Court of Federal Claims on October 15, 2013, for dewatering and wall breach claims. On April 7, 2017, four cases were consolidated in the Court of Federal Claims and remain pending (the "Consolidated Action"). *See Hanover Insurance Company et al. v. United States*, 134 Fed. Cl. 51 (2017) (summarizing the Consolidated Action).

On May 31, 2016, the Corps' Contracting Officer issued a Contracting Officer's Final Decision (COFD) (Doc. 51-4), finding Lodge responsible for payment to the Government of $744,708 in liquidated damages and of $1,256,801.53[2] in re-procurement costs, resulting in a total amount of $2,001.509.53. The Government seeks to reduce the total amount to a judgment in this case. The COFD states that this amount is not covered by the $23,995,183.86 paid to the Government by Hanover pursuant to the Tender Agreement.

In the section titled "NOTICE OF APPEAL RIGHTS," the COFD stated that the decision may be appealed within 90 days from the date of receipt, or an action may be filed in the United States Court of Federal Claims within 12 months of receipt of the decision. Neither Lodge nor Hanover elected to take either route. Thereafter, the Corps' Finance Center contacted Defendants to demand payment. Lodge refused to pay, believing that payment of liquidated damages and re-procurement costs would be determined in the Consolidated Action. They stated: "any liability which Lodge or Hanover may have for these alleged costs is currently being litigated, and will be determined by the outcome of the litigation. Thus, the demand for payment is premature. Thus, at this time, Lodge disputes that any repayment is due, and will not be making a payment in response to the July 6, 2017 request." (Doc. 64, p. 8). The Government continued to demand payment, and Defendants refused; therefore, the Government filed a one-count Complaint (Doc. 1) on December 21, 2017, seeking a judgment for $2,001,509.53, plus

---

[2] These additional costs incurred by the Corps included: (a) security costs of $125,327.10; (b) labor costs of $389,122.86; (c) advance payment of Lodge's performance/payment bond of $142,768.05; (d) $25,000 to use a soil cement batch plant; (e) $215,000 to replace a canal culvert; (f) $38,220 to increase the quantity of felling and pilling; (g) $65,659.52 to repair articulated concrete block mats; (h) $248,500 to increase the quantity of Process Borrow Material; and (i) $7,204 to purchase additional articulated concrete block mat sleeves. (Doc. 51, ¶ 23).

prejudgment interest and penalties, to enforce the COFD under the administrative system put in place under the Contracts Dispute Act, ("CDA"). Under the CDA, the Government must first submit claims against Lodge and Hanover for decision by a contracting officer. 41 U.S.C. § 7103(a); *United States v. Roarda, Inc.*, 671 F. Supp. 1084, 1085 (D. Md. 1997). The CDA also provides:

> The contracting officer's decision on the claim shall be final and conclusive and not subject to review by any forum, tribunal, or Government agency, unless an appeal is timely commenced as authorized by this chapter.

41 U.S.C. § 7103(g).

On April 10, 2018, the Court denied Hanover's motion to transfer this case to the Court of Federal Claims for consideration with the Consolidated Action, or, alternatively, that the case be stayed pending the outcome of the Consolidated Action. The Court denied the motion, finding that because Hanover did not timely appeal the May 31, 2016 COFD, transfer to the Court of Federal Claims, which would not have jurisdiction over the COFD, would be improper. (Doc. 25) (citing *Renda Marine, Inc. v. United States*, 509 F.3d 1372, 1380 (Fed. Cir. 2007) (finding that "the Court of Federal Claims was not in a position to consider the validity of the November 26, 2002 final decision because Renda did not timely appeal the decision and the government did not put it in issue")). The Court found that a stay was unnecessary because the outcome of the Consolidated Action could not change the COFD as it is a final and conclusive decision not subject to review by any forum. (Doc. 25, p. 6) (citing 41 U.S.C. § 7103(g)).

Since the Court's denial of Hanover's request to transfer/stay, the United States has amended their Complaint twice (Doc. 35; Doc. 51), the most recent iteration filed on February 22, 2019, separating the Government's claim into two counts for the first time –

4

one against Lodge, and one against Hanover. Under Count II, brought against Hanover, the Second Amended Complaint alleges that because *Lodge* failed to appeal the COFD, the COFD is final and unreviewable and "[p]ursuant to the terms of the Performance Bond and Payment Bond, Hanover is jointly and severally liable with Lodge." (Doc. 51, ¶ 50). Hanover therefore has renewed its request to stay, arguing that Government effectively concedes in its Second Amended Complaint the COFD made no finding of liability against Hanover. Specifically, Hanover states that the propriety of Lodge's termination is the central issue in the Consolidated Action and if this action is decided before the Consolidated Action, Hanover will be deprived of its defense that Lodge was wrongfully terminated. Accordingly, Hanover requests that this matter be stayed pursuant to the Court's inherent powers until the propriety of Lodge's termination is determined in the Consolidated Action.

The Government responds that the Motion to Stay should be denied for two reasons. First, the COFD is "a final and conclusive decision not subject to review by any forum" under the CDA, as previously found by the Court. Second, even if Federal law did not prohibit Defendants from challenging the merits of the COFD, Hanover should nevertheless be bound by the COFD because it chose not to exercise its right as Lodge's attorney-in-fact to challenge the COFD.

**DISCUSSION**

Here, Hanover asserts that the COFD's assessment of liquidated damages and re-procurement costs must fail because Lodge's termination was wrongful, which is a central issue in the Consolidated Action that has yet to be determined. Accordingly, Hanover requests that this case should be stayed under this Court's inherent power until

5

the propriety of Lodge's termination is determined in the Consolidated Action.  The Court agrees.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  In determining whether to grant a stay, courts generally examine three factors: (1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (2) whether a stay will simplify the issues and streamline the trial; and (3) whether a stay will reduce the burden of litigation on the parties and on the court*. Freedom Scientific, Inc. v. GW Micro, Inc.*, No. 8:05-cv-1365-T-33TBM, 2009 WL 2423095, *1 (M.D. Fla. July 29, 2009).

In accordance with its previous Opinion and Order, the Court still finds the COFD is a final and conclusive decision not subject to review by any forum.  (Doc. 25 at 6) (citing 41 U.S.C. § 7103(g)).  However, the stay request raised by Hanover here is not so much about reviewability of the COFD, but about the Court's inherent power to stay this case if the Consolidated Action could impact this case.  The Court finds that it could and from what has been presented to the Court it appears that the outcome of the Consolidated Action could impact whether the United States can recover the re-procurement costs and liquidated damages sought in this case.  The Government has not argued otherwise, and the propriety of Lodge's termination is not at issue in this action.  Therefore, a stay would simplify the issues in this case and reduce the burden of litigation on the parties and the Court.  Additionally, given that the parties have been litigating the Consolidated Action for six years, there is a risk that the Court could issue rulings in this case inconsistent with

the findings that have already been made by the Court of Federal Claims.[3] This too favors a stay. In sum, the Court finds that a stay will simplify and streamline the issues raised in this case and reduce the burden of litigation on the parties and the Court.

Accordingly, it is now

**ORDERED:**

1. Defendant Hanover Insurance Company's Motion to Stay (Doc. 64) is **GRANTED**. This case is **STAYED** and the Clerk is directed to add a stay flag.

2. The stay shall remain in effect until the underlying Consolidated Action is concluded or a decision is otherwise reached in the Consolidated Action such that the stay may be lifted. The parties are directed to file a notice with the Court when the stay may be lifted.

3. The parties are directed to file a status report on **March 16, 2020**, and every 90 days thereafter.

**DONE** and **ORDERED** in Fort Myers, Florida this 17th day of December, 2019.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

---

[3] Although this case was filed in 2017, the proceedings are in still in the early stages. The Third Amended Case Management and Scheduling Order was recently entered, with a discovery cut off of March 13, 2020. (Doc. 74).